UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-CR-64 JD |
| TONYA ROBINSON et al. | |

**OPINION AND ORDER**

The Court previously entered a preliminary opinion and order admitting the statements described in the Government's *Santiago* proffer. (DE 244.) Having now heard the Government's evidence at trial, including the co-conspirator statements in question, the Court will enter this order as a final ruling on the admissibility of these statements.

Under Rule 801(d)(2)(E) a statement is not considered hearsay where "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." To admit statements against a defendant under this rule, the government must demonstrate by a preponderance of the evidence that (1) the conspiracy existed; (2) the defendant and the declarant were both members; and (3) the statement was made in the course of and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010).

Here, the Government seeks to admit several statements between the defendants, cooperating co-defendants, and an unindicted co-conspirators. Specifically,

- Communications from Albert Smith to the various "spoke" contractors regarding the operation of the scheme,

- Communications from Tonya Robinson to Archie Robinson III regarding the operation of the scheme,
- Communications from Tonya Robinson to Tyreisha Robinson concerning bank accounts, and
- Communications from Albert Smith to Tyreisha Robinson regarding recruitment of Doug Donley

While these statements are admissible against the declarant defendant when offered by the Government as a statement of an opposing party under Rule 801(d)(2)(A), the Government would need to rely on the co-conspirator exception, or another hearsay exception, in order to admit these statements against other co-defendants. *See United States v. Tolliver*, 454 F.3d 660, 665 n.2, 666 (7th Cir. 2006) (*Crawford v. Washington*, 541 U.S. 36 (2004), does not disturb prior law on statements in furtherance of a conspiracy or offered for non-hearsay reasons such as context). Accordingly, the Government needs to show that a conspiracy existed between the declarants and the implicated defendants, and that the statements were made during and in furtherance of that conspiracy.

Considering those elements, the Court first finds that the Government has proven by a preponderance of the evidence that a conspiracy to commit bank and wire fraud against the Housing Authority existed between Tonya Robinson, Albert Smith, Douglas Donley, Ronald Taylor, Archie Robinson III, Tyreisha Robinson, and Latassia Burger between July 2014 and September 2019.

Retired FBI Special Agent Paul Allen introduced invoices and payment records obtained from the search of the HASB headquarters which show the contractors claimed to have done certain work for the HASB and received payment for that work. FBI

Forensic Accountant Heather Teagarden testified that she examined bank records of the Housing Authority and these contractors, and those records indicate the contractors deposited or cashed those checks. Further, the contractors then normally took out a sizeable portion of the check in cash after it was deposited. However, tenants of these units including Rica Clay (4747 Jamestown Court, nominally serviced by D Fresh Contractors), Shania Carter (4701 Jamestown Court- D Fresh Contractors), Juatuan Brown (413 S. Taylor Street- KTR), Keyonda Smith (444 Alonzo Watson Drive- KTR), Erica Harris (1632 Carlisle St.- TaylorMade Handyman) and Jessie Jones (Rabbi Shulman Building Apt. 407- TaylorMade Handyman) have testified that the purported repairs or renovation work was not done at their units.

HASB employees Joanne Watford, Tim Pruitt, and Linda Stephens testified that they approved invoices without confirming the work on the invoice was really done and that some invoices containing their names did not have their true signatures on them, and that some of the "scopes of work" contained within the HASB files under their name were not prepared by them. Former HASB employee Debbie Clark further testified that she regularly signed invoices without inspecting units, she was instructed by Tonya Robinson to sign the invoices, and she allegedly faced professional repercussions for asking too many questions about this practice.

Former contractors Archie Robinson III, Latassia Burger, Ronald Taylor, and Tyreisha Robinson testified they received payment for work that was not performed, and some or all of their fraudulent invoices were prepared by Albert Smith. These contractors further testified that they deposited their paychecks for these fraudulent invoices and

3

brought a portion of each check back, in cash, to Mr. Smith or Ms. Robinson. Records from the HASB and contractor bank accounts corroborates that payment checks were issued to the contractors, the checks were deposited or cashed, and there were cash withdrawals of some of the check monies by the contractors.

Former HASB Executive Director Katherine Lamberg testified that the Executive Director of the Housing Authority had ultimate responsibility for the finances of the authority and supervision of day-to-day activities including maintenance. Four Winds Casino employee Robert Shau testified that Tonya Robinson and Albert Smith were customers he hosted, and they spent large amounts of money at the casino. Specifically, he considered Ms. Robinson to be in his top 10 or 20 players to receive special attention and service based on the amount of money she spent. He considered Mr. Smith to be ranked in the top 100 or top 50 of such players. The tax records for Ms. Robinson and Mr. Smith only indicate modest salary incomes and do not otherwise indicate a source of income which would sustain their gambling patterns. While the available tax records do indicate income from gambling, it is unclear whether those proceeds were sufficient to cover their losses, especially in light of Mr. Shau's testimony Ms. Robinson and Mr. Smith lost more often than they won.

All of this evidence indicates Tonya Robinson, Smith, Donley and others were working together with the joint purpose of defrauding the Housing Authority, which is the essence of a conspiracy. *United States v. Speed*, 656 F.3d 714, 717 (7th Cir. 2011) (stating that in order to establish a conspiracy, "[t]he government must demonstrate an understanding—explicit or implicit—among co-conspirators to work together to [commit

a crime]"). Accordingly, the Court finds that the Government has proven by a preponderance of the evidence that a conspiracy existed between these three defendants and other individuals.

The remaining element is that the statements in question must have been made during and in furtherance of that conspiracy. In determining whether statements were in furtherance of a conspiracy, "[t]he standard to be applied is whether some reasonable basis exists for concluding that the statement furthered the conspiracy." *United States v. Shoffner*, 826 F.2d 619, 628 (7th Cir. 1987). A statement is "in furtherance of" a conspiracy when it promotes the conspiracy's objectives. *United States v. Gajo*, 290 F.3d 922, 929 (7th Cir. 2002). Under this standard, a statement is admissible as in furtherance of the conspiracy even if it is susceptible to alternate interpretations, and "need not have been exclusively, or even primarily, made to further the conspiracy." *Shoffner*, 826 F.2d at 628.

The statements from Albert Smith to the various contractors, including Archie Robinson, Ronald Taylor, Latassia Burger, and Tyreisha Robinson, involved invitations to the scheme, and directions for participating in the scheme such as telling them how much cash from the check they were to bring back to Mr. Smith or notifying the contractor they had a check to pick up. The Court concludes that these statements were for the purpose of directing the operation of the conspiracy, and informing participants of their expectations within the scheme. *See United States v. Godinez,* 110 F.3d 448, 454 (7th Cir. 1997) (statements are in furtherance of the conspiracy if it is 'part of the information flow between conspirators intended to help each perform his role.'); *United*

*States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991) (statements conducting or helping to conduct the business of the scheme are in furtherance).

Next, the Court considers the communications from Tonya Robinson to Archie Robinson III discussing operations of the scheme, including directions for picking up and depositing checks, delivering a certain portion of the check in cash to Tonya Robinson, and that when Mr. Smith left the housing authority the scheme would continue with Ms. Robinson and Mr. Robinson splitting the proceeds in half. The Court concludes these statements were also to facilitate the operation of the conspiracy and ensure it was functioning properly. Accordingly, the Court finds that these statements were in furtherance of the conspiracy. *See United States v. Godinez,* 110 F.3d 448, 454 (7th Cir. 1997); *United States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991).

Relative to the communications from Tonya Robinson to Tyreisha Robinson regarding her and Douglas Donley having joint bank accounts, specifically Tonya Robinson's direction they should not have a joint bank account, the Court finds these statements were for the purpose of concealing the conspiracy from discovery. *United States v. Gajo*, 290 F.3d 922, 928–29 (7th Cir. 2002) (statement made for purpose of concealing a conspiracy is in furtherance of the conspiracy).

The communications from Albert Smith to Tyreisha Robinson regarding the recruitment of Douglas Donley also meet the exception. The recruitment of co-conspirators and integration of them into the operation of the conspiracy is action in furtherance of the conspiracy. *United States v. Cruz-Rea*, 626 F.3d 929, 937–38 (7th Cir. 2010).

The Court further notes that the defendants had no objection to the admission of these statements as, during sidebar, they agreed that upon the testimony of each respective co-conspirator the Government had satisfied the elements of the exception by presenting sufficient evidence that a conspiracy existed between the testifying defendant and declarant.

Therefore, the Court finds that all of these statements were made during and in furtherance of the conspiracy, so they are admissible against the defendants as co-conspirator statements. Accordingly, the Court HOLDS that the above-described statements are admissible pursuant to Federal Rule of Evidence 801(d)(2)(E).

SO ORDERED.

ENTERED: October 30, 2023

/s/ JON E. DEGUILIO
Judge
United States District Court